## MENENDEZ v. KATZ FURNITURE CO., Inc.

### No. 17107.

Court of Appeal of Louisiana. Orleans.

April 24, 1939.

J. A. Woodville, of New Orleans, for appellant.

Weiss & Weiss, of New Orleans, for appellee.

JANVIER, Judge.

Louis Menendez seeks recovery of $289.-50 as damages which he claims to have sustained when an employe of defendant forcibly and illegally entered his home and removed a radio valued by him at $39.50. Defendant admits that its employe entered plaintiff's home and that he removed, or assisted in removing the said radio, but contends that no force was used and that the said employe in good faith believed that there was no objection to the removal of the radio and that he was authorized to remove it by the person to whom he thought the said instrument belonged. Defendant also maintains that the value of the radio is not $39.50, but is only $8.

There was judgment for plaintiff for $8.00, evidently the value placed by the judge a quo upon the said radio, and from this judgment plaintiff has appealed.

The record shows that sometime prior to the occurrences on which this suit is based the Katz Company sold to Amelia Gilbert, a neighbor of Menendez, certain furniture, including the radio in question; that later the said Amelia Gilbert, not being able to pay the balance due, told Mr. Heslin, credit manager of the Katz Company, that he might call and take back all of the articles which had been sold to her; that Mr. Heslin called with a truck and that the said Amelia Gilbert turned over to him all of the furniture, but that she did not deliver the radio, informing him that it was around the corner at the home of a friend to whom it had been loaned and that, if he would accompany her, she would get it for him; that, accordingly, they proceeded to the home of Menendez, the plaintiff, and obtained the said radio.

There is no room for dispute over the above stated facts, but there arises a controversy over the question of whether Heslin and Amelia Gilbert used force in entering the home of Menendez. At the time, neither Menendez, nor any other adult, was present, the only occupants of the home being his two very young sons. One of his sons, Lawrence, came to the door when the Gilbert woman and Heslin knocked. This boy testifies that "the woman pushed me on the side and they walked right in". Both the Gilbert woman and Heslin deny that the boy was pushed aside and they say that he made no protest, but, as the woman puts it, the boy said: "There is the radio there, come get it."

There were two eye-witnesses to the occurrence, Manuel Rochon and Louis Smith. Rochon was standing on the corner of the street and saw nothing except

that the Gilbert woman and Heslin came out of the house together, Heslin carrying the radio. Smith was across the street. He saw little of importance, but stated that the two knocked on the door and that when the child opened the door, and then, referring to the Gilbert woman, he said: "She pushed the door open and this white man came behind her." This is important only in that it is a contradiction of Heslin, who states that the woman entered alone and that he waited outside until she called to him to come and assist in disconnecting the radio. But Smith's attitude gives the impression of a very distinct desire to assist plaintiff and, in fact, at least in one statement he shows a rather overzealous attempt to make his testimony impressive. He says that he was very careful to see what went on because he was very much concerned "about interfering with the law, and I stood across the street so that I could have a view of the whole thing", and yet, if his testimony is true, he did not know that there was any interference with the law because he was under the impression that Mr. Heslin was the sheriff.

At any rate, in view of the finding of the trial court, we have no hesitation in saying that no force whatever was used in entering the premises and that, so far as Heslin knew, he was merely taking back what had been sold to the Gilbert woman and what she had loaned to a neighbor. He appears to us to have been in perfect good faith in acting as he did and there is not involved here, therefore, any principle involving the illegal, wanton and careless invasion of the premises of another person.

Plaintiff cites many cases in which it has been held that, where there is a deliberate invasion of the home of some other person and property is removed without resort to law, substantial damages should be allowed. We do not think any of those cases is applicable here and we agree with the trial court that the value of the article taken is all that plaintiff should be permitted to recover. Just what that value is, we find it very difficult to say. The radio had been sold sometime before for $39.50, but what plaintiff had paid for it the record does not definitely disclose. He claims that it cost him approximately $12.00, but our brother of the City Court found that it had cost him only $8.00 and allowed recovery for that amount.

We find no error in his conclusion in this regard.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.

Affirmed.