FRUGÉ, Judge.
This is a suit for damages allegedly caused by the removal of certain equipment from plaintiff’s premises by Sim Rachal and Esso Standard Oil Company, defendants herein. From an adverse judgment Esso Standard Oil Company prosecutes this appeal. Plaintiff has neither appealed nor answered the appeal.
Plaintiff is the owner of certain property which he used as an “Esso Filling Station” by renting it to others. He purchased the property from Mrs. W. D. Smith, et al. in September, 1950, “ * * * together with all buildings and improvements”. When he purchased the property certain service station equipment was located thereon. He leased the property for a monthly rental, the last lessee being one Belton Dupuy. In September, 1959, Donald Tanner, a jobber mechanic, employed by Esso, on orders from a represent *341 ative of Esso (Sipley), removed two gasoline pumps, an air compressor, an advertising sign on a pole and a globe sign from the premises of plaintiff without his knowledge or permission. Belton Dupuy, the lessee of the premises, was present hut since his lease was terminating in October and since he did not own these articles he made no objection to their removal. One Lindsey Juneau, who was prepared to lease the property at $50 per month refused to lease due to the fact that the pump, etc. were removed. The premises remained unleased and unoccupied for approximately five months after Belton Dupuy vacated them. During this time plaintiff attempted to get the equipment back, but defendant would not return it. His attempts to get other companies to install equipment were unsuccessful until “Phillips 66” agreed to supply him with same. Plaintiff alleged that defendant “had installed” the equipment; that the property was leased to Du-puy; that without notice defendants removed the pumps “used by” petitioner and removed a pressure pump “not owned” by defendant and converted sa'me to their own use; that defendant tore from the building an “Esso” sign which had “permanently become a part of said building”; that defendant left underground storage tanks which had destroyed the value of plaintiff’s property; that plaintiff had rented the property to Juneau commencing in October and anticipated revenue based on future sales of gasoline. Damages, allegedly in the amount of $10,000, were asked for " * * * considerable worry, humiliation and loss of respect in his neighborhood and among his neighbors * * * ” caused by ■converting the equipment to their use; for the removal of the pump and damage to buildings caused by removal of the sign and the pumps without authority, plaintiff asked $200 damages; further that he anticipated loss of business at $100 per month; and that his anticipated loss of revenue was $1,200.
Defendant, Sim Rachal, entered a general denial; defendant, Esso, also entered a general denial hut alleged that the equipment had been “ * * * on the premises for many years under arrangement with a former owner, Mrs. W. D. Smith, or with various lessees of the premises which permitted defendant to remove such equipment at defendant’s option.”
The lower court, after discussing the evidence and law held that plaintiff was entitled to compensatory damages in the amount of $1,700. (Two gasoline pumps valued at $300 each, or $600; one large pole sign valued at $100; five month’s loss of rent at $50 per month or $250; and unlawful trespass and invasion of plaintiff’s rights, $750.) He also held that defendant, Sim Rachal, was in “ * * * no way responsible for the removal of the equipment, either directly or indirectly * * * ” and therefore relieved him of liability.
Defendant alleges error below in rendering judgment for plaintiff in view of the claimed admissions patent on the face of the pleadings and the evidence adduced upon trial of the cause; and alternatively error in the amount of damages chargeable against defendant. Consequently, he seeks (1) reversal at plaintiff’s costs or (2) alternatively that the case be remanded to allow the introduction of additional evidence or (3) alternatively that the quantum be modified and the judgment affirmed.
The question of ownership of the equipment has been raised by defendants’ answer. However, for the reasons set forth below, we do not deem it necessary to determine ownership.
The record discloses that defendant was in good faith in removing the equipment. Mr. Sipley, who ordered it removed, believed that Esso owned the equipment. Mr. Tanner, who removed the equipment, testified that he was not told exactly what to take, but that he took what Esso usually owns. In Bagents v. Crowell Long Leaf Lumber Co., La.App., 20 So.2d 641, it was held that where the defendant in trespassing on the land had *342 a good legal basis in that it was claiming ownership of standing timber and was not acting in bad faith defendant would be held accountable only for actual damages sustained by plaintiff by reason of tearing down of his fence. Therefore, we are concerned here only with actual damages. Plaintiff’s demand, as set forth above, is for damages caused by the removal of the equipment. The equipment taken consisted of two gasoline pumps, a compressor (later returned) and two signs. (In the petition it was alleged that certain other equipment had been removed, but the testimony of Dupuy and Tanner preponderates that Tanner did not break into the tool shed; nor did Tanner pull a lavatory from the wall nor did he take the hot water tank; nor the lock on the tool house. Actually the record discloses that Dupuy took the lock on the toolhouse since it was his and that the hot water tank had been sold.)
The first claim is for “ * * * considerable worry, humiliation, and loss of respect * * The record is devoid of testimony or evidence of such damage with the possible exception of the testimony by plaintiff that rumors had started that he had gone out of business and that Esso wanted him out of business; and Juneau’s testimony that there were rumors that plaintiff had gone out of business. There is no evidence that this damaged plaintiff. Furthermore, plaintiff did not testify nor produce evidence of worry, humiliation, and loss of respect in the neighborhood and among his friends. Plaintiff had ample opportunity on the trial of this case to prove these damages, but failed to do so. We are at a loss to determine an amount of damages in the absence of such proof. Therefore, this claim will be denied.
We next consider the damages allegedly resulting from the removal of the gasoline pumps, the sign and the pressure pump without authority in the amount of $200. The record discloses no specific damage, nor evaluation of the cost of repairing damages, and the record is devoid of an estimate of damage to the property. The defendant removed the pressure pump (compressor) which it returned later admitting that it belonged to plaintiff. Therefore, if any damages are to be awarded it should be for erroneous removal of the pressure pump — but the cases examined for erroneous, good faith removal, allowed only the value of the thing removed. Cf. Menendez v. Katz Senator Co., La.App., 188 So. 176. Here there is no evidence as to the value of the pressure pump. Therefore plaintiff has not proved this item of damages. The plaintiff has not claimed that he owned the gas pumps — he merely testified that no one ever told him that he did not own them, and that Esso never asked for them. If we should accept the theory that plaintiff owns the pumps, etc. by virtue of them becoming immovables either by destination or nature, and/or three and ten years prescription, he has only asked for $200 for such removal and not $600 as the trial judge gave him. There appears to be some authority that plaintiff has enlarged the pleadings as to this $200. Cf. LSA-C.C.P. Articles 861-862, 1154; Morgan v. McGowan, 4 Mart., O.S., 289; Chaffe v. Carroll, 34 La.Ann. 122; Tatar v. Munson, La.App., 161 So. 361; C.P. Arts. 155-156. However see Mengel Co. v. Raziano, La.App., 57 So.2d 48, at page 50 wherein it was held that plaintiff had asked for an amount less than he had proved to be damages, but the court refused to give him the excess thereof. Furthermore the testimony in the case at bar was admitted to prove the value of the gas pumps and apparently was not offered for the purpose of showing damages. Moreover plaintiff has not been put out of pocket by defendant’s actions, and plaintiff has not shown any cost to him for repairing alleged damages.
Plaintiff alleged that anticipated loss of business was $100 per month. The record discloses that Lindsey Juneau and plaintiff had negotiated a lease which was. to commence in October, 1959 but that upon the removal of the equipment Juneau refused to go through with the lease; that Juneau had agreed to pay a rent of $50 per *343 month; and that it was five months before plaintiff could obtain another lessee who leased at $50 per month. Therefore the damages for this item are limited to $250. As to the anticipated loss of profits in the amount of $1,200 there is no evidence whatsoever of such loss of profits. Plaintiff did not show an arrangement whereby he would share profits. An award would be purely speculative. Therefore there will be no award for this amount.
Defendant trespassed on plaintiff's land in order to remove this equipment which it believed it owned. No damages were sustained thereby, except as above, and since the entry was not forceable (although possibly illegal) we find that only nominal damages are recoverable therefor in the amount of $100.
For the foregoing reasons the judgment is hereby amended by reducing the award from $1,700 to $350. Costs of this appeal to he paid by defendant-appellants.
Amended and affirmed.